JUDGE ENGELMAYER

26 CV 05941

RECEIVED SDNY PRO SE OFFICE 2026 JUL 14 PM 12: 41

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

**BRANDON J. CLARKE,**
Plaintiff,

**v.**

**EQUIFAX INFORMATION SERVICES LLC,**
Defendant

**Civil Action No.:** ________________

## COMPLAINT

## JURY TRIAL DEMANDED

**COMES NOW Plaintiff, Brandon J. Clarke ("Plaintiff"),** appearing pro se, and for his Complaint against Defendant, Equifax Information Services LLC ("Defendant" or "Equifax"), respectfully alleges upon personal knowledge as to his own acts and experiences, and upon information and belief as to all other matters, as follows:

## I. INTRODUCTION

1. Plaintiff Brandon J. Clarke ("Plaintiff"), brings this civil action against Defendant Equifax Information Services LLC ("Equifax" or "Defendant") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., arising from Defendant's failure to conduct reasonable and lawful reinvestigations of disputed consumer credit information, failure to correct, modify, or delete inaccurate and incomplete information after receiving repeated notice of such inaccuracies, and failure to maintain reasonable procedures designed to assure the maximum possible accuracy of information contained within Plaintiff's consumer credit report.

2. This action arises from Defendant's repeated failure to properly investigate and resolve inaccurate information appearing on Plaintiff's consumer report concerning two separate consumer credit accounts. Although Plaintiff timely exercised his rights under the FCRA by submitting written disputes and providing notice that specific account information was inaccurate, Defendant failed to conduct a meaningful and reasonable investigation as required by federal law.

3. Plaintiff repeatedly notified Defendant that inaccurate, incomplete, and inconsistent information was being reported concerning the following consumer credit accounts:

**a)** Capital One Bank USA, N.A., Account Ending in 0943; and

**b)** Lead Bank, Account Ending in 5258.

4. Plaintiff specifically identified the inaccurate reporting associated with these accounts, including inaccurate payment history information, improper delinquency reporting, and inconsistent account information that did not accurately reflect the true status and history of the accounts.

5. After receiving Plaintiff's written disputes, Defendant acknowledged receipt of Plaintiff's disputes and conducted investigations; however, Defendant failed to perform a reasonable reinvestigation as required under the FCRA and instead continued reporting disputed information without adequately determining whether such information was complete, accurate, and verifiable.

6. Defendant's investigation responses failed to demonstrate that Defendant performed an independent and reasonable review of the disputed information. Rather, Defendant continued relying upon information supplied by the account furnishers without properly addressing the specific inaccuracies and inconsistencies identified by Plaintiff.

7. Defendant's conduct caused Plaintiff to continue suffering from the consequences of inaccurate credit reporting, including damage to Plaintiff's credit reputation, impairment of Plaintiff's ability to obtain favorable financial opportunities, and the stress, frustration,

and expenses associated with attempting to correct inaccurate information through repeated disputes.

8. Plaintiff brings this action seeking actual damages in excess of $20,000, statutory damages where applicable, punitive damages based upon Defendant's alleged willful and reckless disregard of Plaintiff's rights under the FCRA, costs of this action, and all other relief permitted by law.

## II. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to **28 U.S.C. § 1331** because this action arises under federal law, specifically the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.

10. Plaintiff's claims arise directly from Defendant's alleged violations of federally imposed duties governing consumer reporting agencies, including Defendant's obligation to conduct reasonable reinvestigations of disputed information and to maintain reasonable procedures designed to assure maximum possible accuracy of consumer reports.

11. This Court further has jurisdiction over Plaintiff's claims for actual damages, statutory damages, punitive damages, costs, and other available remedies authorized by the FCRA, including remedies available under **15 U.S.C. §§ 1681n and 1681o**.

12. Venue is proper in this District because Plaintiff resides within this District and because Defendant's consumer reporting activities affected Plaintiff within this District. The events giving rise to this action, including Defendant's receipt, review, processing, and handling of Plaintiff's disputes concerning his consumer credit report, occurred in connection with Defendant's consumer reporting services affecting Plaintiff.

## III. PARTIES

13. Plaintiff Brandon J. Clarke is an individual consumer and resident of New Rochelle, New York, residing at 300 Pelham Road, Apartment 3D, New Rochelle, New York 10805.

14. Plaintiff is a "consumer" as that term is defined under the Fair Credit Reporting Act because Plaintiff is an individual whose personal credit information is collected, maintained, evaluated, and reported by consumer reporting agencies.

15. Defendant Equifax Information Services LLC is a consumer reporting agency engaged in the business of collecting, assembling, maintaining, evaluating, and furnishing consumer credit information concerning consumers throughout the United States.

16. At all relevant times, Defendant was subject to the requirements and obligations imposed upon consumer reporting agencies under the Fair Credit Reporting Act, including the duty to maintain maximum possible accuracy and the duty to conduct reasonable reinvestigations of disputed consumer information.

## IV. FACTUAL ALLEGATIONS

### Plaintiff's Discovery of Inaccurate Credit Reporting

17. Plaintiff obtained and reviewed his consumer credit report maintained and furnished by Defendant.

18. Upon reviewing his consumer report, Plaintiff discovered that Defendant was reporting information concerning certain consumer accounts that Plaintiff believed was inaccurate, incomplete, misleading, and inconsistent with the actual history and status of those accounts.

19. Plaintiff carefully reviewed the account information reported by Defendant and identified specific inaccuracies relating to payment history, account status, and historical reporting information.

20. Plaintiff thereafter exercised his rights under the FCRA by submitting written disputes to Defendant requesting that Defendant investigate, verify, and correct the inaccurate information appearing on Plaintiff's consumer credit report.

21. Plaintiff's disputes specifically identified the following accounts as containing inaccurate information:

a) Capital One Bank USA, N.A., Account Ending in 0943; and

b) Lead Bank, Account Ending in 5258.

22. Plaintiff provided Defendant with sufficient notice of the specific information being disputed and requested that Defendant conduct a complete and reasonable reinvestigation pursuant to its obligations under the FCRA.

## CAPITAL ONE BANK USA, N.A. ACCOUNT – ENDING IN 0943

23. Plaintiff specifically disputed the accuracy and completeness of the information reported by Defendant concerning the Capital One Bank USA, N.A. account ending in **0943**.

24. Plaintiff notified Defendant that the payment history information associated with this account was inaccurate and that the reported late-payment notations did not accurately reflect the true payment performance, history, and status of the account.

25. Plaintiff's dispute specifically challenged the accuracy of the reported payment history and requested that Defendant conduct a thorough investigation into the disputed information before continuing to report such information to third parties.

26. Plaintiff expected Defendant, as a consumer reporting agency subject to the requirements of the FCRA, to conduct an independent, reasonable, and meaningful reinvestigation of the disputed information rather than merely confirm the information provided by the furnisher without further review.

27. Defendant received Plaintiff's dispute concerning the Capital One account and was placed on notice that Plaintiff was challenging the accuracy of the reported payment history information.

28. Following receipt of Plaintiff's dispute, Defendant conducted an investigation and issued a response stating that the disputed information was reporting accurately.

29. However, Defendant's own investigation documentation demonstrates that changes were made to the reporting of the Capital One account after Plaintiff submitted his dispute.

30. Specifically, Defendant's investigation results reflected modifications to the account information, including changes concerning the reported payment history, account reporting details, and other account-level information.

31. Plaintiff alleges that Defendant's modification of the account information following Plaintiff's dispute demonstrates that the information originally being reported required correction, review, or adjustment.

32. Despite making changes to the account reporting, Defendant continued reporting negative payment history information that Plaintiff alleges remained inaccurate, incomplete, and inconsistent with the actual payment history of the account.

33. Defendant failed to provide Plaintiff with a reasonable explanation as to how it determined that the disputed late-payment notations were accurate while simultaneously modifying portions of the same account information after Plaintiff's dispute.

34. Defendant failed to identify the specific records reviewed, procedures followed, or verification process used to determine the accuracy of the disputed payment history.

35. Defendant failed to demonstrate that it conducted any independent evaluation of the information provided by the account furnisher or that it independently assessed whether the disputed information was complete and accurate.

36. Instead, Defendant continued reporting disputed information without adequately addressing the specific inaccuracies raised by Plaintiff.

37. Plaintiff alleges that Defendant's failure to properly investigate, evaluate, and correct the disputed Capital One account information constituted a failure to conduct a reasonable reinvestigation as required by the FCRA.

**<u>LEAD BANK ACCOUNT – ENDING IN 5258</u>**

38. Plaintiff also disputed the accuracy and completeness of the information reported by Defendant concerning the <u>Lead Bank account ending in **5258**</u>.

39. Plaintiff notified Defendant that the Lead Bank account contained inaccurate historical account information, conflicting account details, and reporting inconsistencies that affected the accuracy and completeness of the consumer information appearing on Plaintiff's credit report.

40. Plaintiff specifically challenged the accuracy of the reported 24-month payment history associated with the Lead Bank account and requested that Defendant conduct a complete investigation into the disputed historical account information.

41. Plaintiff informed Defendant that the account information contained internal inconsistencies and that the reported information could not reasonably be considered accurate without first reconciling the conflicting account data.

42. Defendant received Plaintiff's dispute and conducted an investigation concerning the Lead Bank account.

43. Defendant's investigation response acknowledged that Plaintiff disputed the historical account information associated with the Lead Bank account.

44. Defendant's investigation results specifically stated: (**We modified the 24-Month History associated with this account**.)

45. Defendant's acknowledgment that it modified the 24-month history following Plaintiff's dispute demonstrates that the account information previously reported was subject to correction, modification, or adjustment after Plaintiff challenged its accuracy.

46. Plaintiff alleges that Defendant failed to conduct a reasonable investigation before initially verifying the Lead Bank account information as accurate.

47. Plaintiff further alleges that Defendant failed to properly review, analyze, and reconcile the conflicting information contained within the account history before continuing to report the account.

48. Defendant failed to provide Plaintiff with sufficient details regarding how the disputed information was reviewed, what records were examined, what verification procedures were used, or how Defendant determined which portions of the account information were accurate.

49. Defendant continued reporting information concerning the Lead Bank account that Plaintiff alleges remained inaccurate, incomplete, misleading, and inconsistent despite Plaintiff's repeated notices and disputes.

50. Plaintiff alleges that Defendant's failure to properly investigate and correct the Lead Bank account information caused inaccurate information to remain on Plaintiff's consumer report.

51. Defendant's failure to adequately investigate the Lead Bank account prevented Plaintiff from receiving the protections afforded to consumers under the FCRA and resulted in continued reporting of disputed information.

## METHOD OF VERIFICATION DEMAND AND PRE-LITIGATION NOTICE

52. After Defendant continued reporting the disputed information concerning the Capital One Bank USA, N.A. account ending in 0943 and the Lead Bank account ending in 5258, Plaintiff exercised his rights under the Fair Credit Reporting Act by submitting a formal Method of Verification ("MOV") demand to Defendant pursuant to 15 U.S.C. § 1681i(a)(7).

53. Plaintiff sent the Method of Verification demand to Defendant by certified mail, thereby providing Defendant with documented notice that Plaintiff continued to dispute the accuracy and completeness of the information appearing on his consumer credit report.

54. Plaintiff's Method of Verification demand specifically informed Defendant that the disputed accounts had previously been challenged, that Defendant had previously issued verification results, and that the allegedly inaccurate information continued to remain on Plaintiff's consumer credit report.

55. Plaintiff requested that Defendant provide meaningful information regarding the manner in which Defendant conducted its reinvestigation, including the method used to verify the disputed information.

56. Specifically, Plaintiff requested that Defendant identify:

**a)** The procedure and method used by Defendant to verify the disputed account information;

**b)** The identity of any person, entity, or furnisher contacted during the reinvestigation process;

**c)** The records, documents, data, or information reviewed during the investigation; and

**d)** The specific steps taken by Defendant to determine whether the disputed information was accurate, complete, and capable of verification.

57. Plaintiff made this request because Defendant's prior investigation responses failed to demonstrate that Defendant performed a meaningful and independent review of the disputed information.

58. Plaintiff alleges that Defendant's responses failed to provide sufficient information establishing that a reasonable reinvestigation had occurred.

59. Defendant failed to provide Plaintiff with adequate documentation or explanation demonstrating how the disputed information was verified, what evidence was reviewed, or how Defendant resolved the inaccuracies identified by Plaintiff.

60. Defendant's failure to provide a meaningful explanation of its verification process prevented Plaintiff from determining whether Defendant actually performed a reasonable reinvestigation as required by the FCRA.

61. Plaintiff further notified Defendant that continued reporting of inaccurate, incomplete, or unverifiable information would result in legal action seeking all available remedies under federal law.

62. Despite receiving repeated notice from Plaintiff and having knowledge of the disputed inaccuracies, Defendant failed to fully correct, modify, or delete the information that Plaintiff alleges remained inaccurate.

63. Defendant's continued reporting of disputed information after multiple notices and disputes constitutes a failure to comply with Defendant's obligations under the FCRA.

**COUNT I**

**FAILURE TO CONDUCT A REASONABLE REINVESTIGATION**

**Violation of 15 U.S.C. § 1681i**

64. Plaintiff repeats and realleges each and every allegation contained in paragraphs **1 through 63** as though fully set forth herein.

65. The Fair Credit Reporting Act requires consumer reporting agencies to conduct a reasonable reinvestigation whenever a consumer disputes the completeness or accuracy of information contained within a consumer report.

66. Plaintiff properly notified Defendant that information appearing on his consumer report concerning the Capital One account ending in 0943 and the Lead Bank account ending in 5258 was inaccurate, incomplete, misleading, and disputed.

67. Defendant received Plaintiff's disputes and was placed on actual notice that the reported information required investigation and verification.

68. Defendant was required to conduct a reasonable reinvestigation that addressed the specific issues raised by Plaintiff rather than simply forwarding the dispute to the furnishers and accepting the responses without meaningful review.

69. Defendant failed to conduct a reasonable reinvestigation because Defendant did not adequately evaluate the payment history information, account inconsistencies, and historical reporting issues identified by Plaintiff.

70. Defendant failed to determine whether the information being reported was complete, accurate, and supported by reliable documentation.

71. Defendant failed to adequately investigate the Capital One payment history dispute despite Plaintiff's specific allegations that the reported late-payment information was inaccurate.

72. Defendant failed to adequately investigate the Lead Bank account despite Plaintiff's identification of conflicting and inconsistent account information.

73. Defendant's own investigation responses demonstrate that modifications were made to the disputed account information after Plaintiff's disputes, yet Defendant continued reporting information Plaintiff alleges was inaccurate.

74. Defendant failed to correct, modify, or delete inaccurate information after receiving notice that such information was disputed and unreliable.

75. As a direct and proximate result of Defendant's failure to conduct a reasonable reinvestigation, Plaintiff suffered damages and harm.

76. Defendant's conduct constitutes a violation of 15 U.S.C. § 1681i.

**COUNT II**

**FAILURE TO MAINTAIN REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY**

**Violation of 15 U.S.C. § 1681e(b)**

77. Plaintiff repeats and realleges each and every allegation contained in paragraphs **1 through 76** as though fully set forth herein.

78. Under the Fair Credit Reporting Act, Defendant was required to maintain reasonable procedures designed to assure maximum possible accuracy of information contained in consumer reports.

79. Defendant had a duty to ensure that information reported concerning Plaintiff's consumer accounts was accurate, complete, and not misleading.

80. Defendant failed to maintain reasonable procedures because it continued reporting disputed information despite receiving repeated notice that the information was inaccurate and incomplete.

81. Defendant failed to implement procedures sufficient to identify and correct inaccurate payment history information and inconsistent account reporting.

82. Defendant failed to adequately evaluate whether the information supplied by account furnishers was accurate before continuing to report such information.

83. Defendant failed to reconcile inconsistencies contained within the Lead Bank account history before reporting the account information as accurate.

84. Defendant failed to adequately review the Capital One account payment history despite Plaintiff's specific dispute regarding inaccurate late-payment reporting.

85. Defendant's procedures were insufficient because inaccurate and disputed information remained on Plaintiff's consumer credit report after Defendant received notice of the alleged inaccuracies.

86. Defendant's failure to maintain reasonable procedures caused Plaintiff's consumer report to contain inaccurate and misleading information.

87. Defendant's conduct constitutes a violation of 15 U.S.C. § 1681e(b).

## COUNT III

## WILLFUL AND/OR NEGLIGENT NONCOMPLIANCE WITH THE FAIR CREDIT REPORTING ACT

### Violations of 15 U.S.C. §§ 1681n and 1681o

88. Plaintiff repeats and realleges each and every allegation contained in paragraphs **1 through 87** as though fully set forth herein.

89. Defendant was aware of its obligations under the Fair Credit Reporting Act and was required to comply with the statutory duties imposed upon consumer reporting agencies, including the obligation to conduct reasonable investigations and maintain procedures designed to assure maximum possible accuracy.

90. Plaintiff repeatedly notified Defendant that inaccurate and incomplete information was appearing on his consumer credit report and specifically identified the accounts and reporting information that Plaintiff disputed.

91. Defendant had actual notice that Plaintiff challenged the accuracy of the Capital One account ending in 0943 and the Lead Bank account ending in 5258.

92. Despite receiving repeated notice of the alleged inaccuracies, Defendant failed to take reasonable steps necessary to determine whether the disputed information was accurate, complete, and properly verified.

93. Defendant continued reporting disputed information after receiving Plaintiff's disputes, investigation requests, and Method of Verification demand.

94. Defendant's failure to properly investigate and correct the disputed information was not the result of an isolated error but was the result of Defendant's failure to follow reasonable procedures required by the FCRA.

95. Defendant's conduct demonstrates a disregard for Plaintiff's rights as a consumer and reflects a failure to take the dispute process seriously despite Plaintiff providing repeated notice of specific inaccuracies.

96. Defendant knew or should have known that continuing to report inaccurate or unverifiable information could negatively affect Plaintiff's credit reputation and financial interests.

97. Defendant's failure to conduct a meaningful reinvestigation and failure to correct inaccurate information constituted willful noncompliance with the requirements of the FCRA.

98. Alternatively, and to the extent the Court determines Defendant's conduct was not willful, Defendant acted negligently by failing to exercise reasonable care in investigating, verifying, and reporting information concerning Plaintiff's consumer accounts.

99. Defendant's conduct constitutes violations of 15 U.S.C. §§ 1681n and 1681o.

## V. DAMAGES

100. As a direct and proximate result of Defendant's violations of the Fair Credit Reporting Act, Plaintiff has suffered actual damages and continues to suffer damages resulting from Defendant's failure to comply with its statutory obligations.

101. Plaintiff's damages include, but are not limited to, harm to his credit reputation, impairment of his ability to obtain favorable credit terms, interference with financial opportunities, and other economic losses caused by inaccurate consumer reporting.

102. Plaintiff has also suffered significant frustration, inconvenience, emotional distress, and mental anguish resulting from Defendant's continued reporting of disputed and allegedly inaccurate information despite Plaintiff's repeated efforts to correct the errors.

103. Plaintiff spent substantial time and resources preparing disputes, reviewing credit reporting information, communicating with Defendant, and attempting to resolve the inaccurate reporting before initiating this action.

104. Plaintiff's efforts included submitting written disputes, reviewing Defendant's investigation responses, sending certified correspondence, and submitting a Method of Verification demand seeking information regarding Defendant's investigation procedures.

105. Plaintiff alleges that Defendant's conduct directly caused Plaintiff to experience financial uncertainty, stress, and continued harm associated with inaccurate credit reporting.

106. Plaintiff seeks actual damages in an amount exceeding **$20,000**, or such amount as may be proven at trial.

107. Plaintiff further seeks statutory damages available under the FCRA for Defendant's violations.

108. Plaintiff further seeks punitive damages because Defendant's conduct was willful, reckless, intentional, and demonstrated a conscious disregard for Plaintiff's federally protected rights.

109. Plaintiff is entitled to recover costs of this action and any other relief authorized under applicable law.

## VI. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff Brandon J. Clarke** respectfully requests that this Court enter judgment in his favor and against Defendant Equifax Information Services LLC and grant the following relief:

**A.** Award Plaintiff actual damages in an amount exceeding $20,000, or an amount proven at trial, for injuries caused by Defendant's violations of the Fair Credit Reporting Act;

**B.** Award Plaintiff statutory damages as permitted under 15 U.S.C. § 1681n for Defendant's willful violations of the FCRA;

**C.** Award Plaintiff punitive damages based upon Defendant's willful, reckless, and intentional disregard of Plaintiff's rights under federal law;

**D.** Award Plaintiff costs incurred in connection with this action;

**E.** Award any attorney's fees or other recoverable expenses permitted under the Fair Credit Reporting Act and applicable law;

**F.** Order Defendant to conduct appropriate corrective action, including correcting, modifying, or deleting inaccurate, incomplete, or unverifiable information appearing on Plaintiff's consumer credit report;

**G.** Grant such other and further relief as this Court deems fair, just, and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

**Respectfully submitted.**

**Dated:** 7/14, **2026**

**BRANDON J. CLARKE**
Plaintiff Pro Se

14208947.1.1c

Marquis patrick
1575 unionport rd
Bronx, NY 10462

USPS CERTIFIED MAIL

9214 8901 4298 0483 6089 54

00142089470000011
Equifax Information Services LLC
PO Box 105069
Atlanta, GA 30348-5069

# See Important Information Enclosed

14208847.1.2

**Brandon J Clarke**
300 Pelham Rd Apt 3D
New Rochelle, NY 10805

June 11, 2026

Equifax Information Services LLC
P.O. Box 740256
Atlanta, GA 30374-0256

**Re: Method of Verification Demand – Pre-Litigation Notice – Accounts Ending in 0943 and 5258**

To Whom It May Concern,

This letter serves as both a formal Method of Verification (MOV) demand under 15 U.S.C. § 1681i(a)(7) and a final pre-litigation notice. Both accounts identified below were previously disputed. Both disputes were closed with a "verified" result. Both accounts are *still reporting inaccurately*. I am now prepared to file suit in federal court if this matter is not resolved immediately.

**ACCOUNT 1: CAPITAL ONE BANK USA NA – Ending in 0943**

Following my prior dispute, Equifax reported this account as updated — yet the payment history continues to reflect late payment notations that are factually incorrect. A verification result that leaves inaccurate data in place is not a reasonable reinvestigation. It is a failure to comply with the FCRA. I demand to know exactly how this account was verified: who was contacted, what records were reviewed, and whether any independent analysis was performed — or whether Equifax simply accepted the furnisher's word without question.

**ACCOUNT 2: LEAD BANK – Ending in 5258**

This account contains internally inconsistent data fields that contradict one another. No legitimate investigation could conclude this information is accurate without first reconciling those contradictions. Despite my prior dispute, the inconsistencies remain. I demand the full method of verification: what was reviewed, who was contacted, and what specific steps were taken to resolve the data conflicts — if any were taken at all.

**PRE-LITIGATION NOTICE**

Equifax's continued reporting of inaccurate and unverifiable information — after receiving formal disputes on both accounts — constitutes willful noncompliance with 15 U.S.C. § 1681e(b) and § 1681i. I have exhausted the dispute process. I am not sending another

14208947.1.3

dispute letter.

Unless Equifax provides the requested method of verification documentation **and** corrects or deletes the inaccurate information within **15 days** of receipt of this letter, I will file a civil complaint in federal court seeking:

- Actual damages under 15 U.S.C. § 1681o;
- Statutory damages up to $1,000 per violation under 15 U.S.C. § 1681n;
- Punitive damages for willful noncompliance;
- Attorney's fees and court costs.

This is your final opportunity to resolve this matter without litigation. Govern yourself accordingly.

Sincerely,

**Brandon J Clarke**
300 Pelham Rd Apt 3D
New Rochelle, NY 10805

14048523.1.1c

Marquis patrick
1575 unionport rd
Bronx, NY 10462

USPS CERTIFIED MAIL

9214 8901 4298 0479 7287 10

0014048523000011
Equifax Information Services LLC
PO Box 105069
Atlanta, GA 30348-5069

# See Important Information Enclosed

14046523.1.2

**Brandon J Clarke**
300 Pelham Rd Apt 3D
New Rochelle, NY 10805

May 20, 2026

Equifax Information Services LLC
P.O. Box 740256
Atlanta, GA 30374-0256

**Re: Second Dispute – Inaccurate Payment History**

To Whom It May Concern,

I am writing to formally dispute, for the second time, inaccurate information appearing on my Equifax credit report. Despite my previous dispute, the accounts listed below continue to report information that is factually inconsistent and incorrect. I am requesting that each account be thoroughly reinvestigated and corrected accordingly.

**Account 1: Capital One Bank USA NA – Account Ending in 0943**

I previously disputed the payment history on this account, and my dispute concluded with an update to the account. However, the payment history as currently reported remains factually inaccurate. The late payment notations reflected on this account are incorrect and do not accurately represent the history of this account. I am disputing the payment history in its entirety and request that it be fully reinvestigated and corrected to reflect accurate information.

**Account 2: Lead Bank – Account Ending in 5258**

The information reported for this account contains internal inconsistencies. Certain details associated with this account do not align with one another, which raises serious concern about the overall accuracy of what is being reported. When account details do not reconcile, it stands to reason that something within the reported information is inaccurate. I previously disputed this account and it was verified as accurate; however, the inconsistencies remain. I am requesting a full reinvestigation of this account and ask that all reported information be verified for accuracy and consistency.

Under the Fair Credit Reporting Act (FCRA), I have the right to dispute inaccurate information on my credit report, and consumer reporting agencies are required to conduct a reasonable reinvestigation of disputed items. I expect both accounts to be reinvestigated thoroughly. If the information cannot be verified as accurate, it must be corrected or removed from my report.

Please provide written confirmation of the results of your investigation. Thank you for your prompt attention to this matter.

Sincerely,

14048523.1.3

Brandon J Clarke